IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eastern Industries, LLC, a New York limited liability company,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>EarthCo Enterprises, LLC, an Arizona limited liability company; Thomas Vella and Jane Doe Vella, husband and wife, Wesley Zlotoff and Jane Doe Zlotoff, husband and wife; Dominic Riccobono and Jane Doe Riccobano, husband and wife, and Jack Thomas Riccobono and Jane Roe Riccobono, husband and wife, Scott Williams and Jane Doe Williams, husband and wife,<br><br>　　　　　　　　　Defendants. | Case No. 2:23-cv-00109<br><br>**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY**<br><br>*(Assigned to the Hon. Susan M. Brnovich)* |

Having received and considered the Stipulated Motion for Protective order of Confidentiality filed by Plaintiff and Defendants (each a "Party" and collectively, the "Parties"), and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

This Protective Order of Confidentiality ("Protective Order") shall govern the designation and handling of all confidential documents and information produced in this action by any Party, non-party, person, or entity. The following procedure is adopted in

this matter for the designation, protection, and handling of confidential or proprietary information:

    1.    <u>Definition of CONFIDENTIAL INFORMATION</u>. For purposes of this Protective Order, CONFIDENTIAL INFORMATION means any information in any format designated by any person or entity ("Producing Party") who produces documents in connection with the above-captioned matter as confidential because it contains or is a trade secret, proprietary business information, personal information, including social security numbers, or other confidential research, development, or commercial information as those terms are used in Rule 26(c) of the Federal Rules of Civil Procedure. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, portions of documents, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings, and/or any instrument which comprises, embodies, or summarizes a matter which a Party considers confidential and desires not to be made public.

    2.    <u>Designation as CONFIDENTIAL INFORMATION</u>. A Producing Party may designate such documents or other materials that it reasonably believes – in good faith and based on legitimate, non-litigation reasons for placing limits on disclosure and access – to be CONFIDENTIAL INFORMATION as "*CONFIDENTIAL - CASE NO. 2:23-cv-00109*." Individuals or entities who become parties to this litigation after this Protective Order is entered shall not have access to, nor shall any of the Parties produce to them, any CONFIDENTIAL INFORMATION until such other parties, by counsel, have signed and filed a stipulation agreeing to be bound by this Protective Order or until a further Order is entered permitting them to have access to such documents.

    3.    <u>Access to CONFIDENTIAL INFORMATION</u>. CONFIDENTIAL INFORMATION disclosed by a Producing Party and designated "*CONFIDENTIAL - CASE NO. 2:23-cv-00109*" may be disclosed by the receiving Party only to the following persons (the "Qualified Person[s]"):

(a) Counsel of record for any Party, including all attorneys of the counsel's law firm and all paralegal assistants, stenographic, and clerical employees operating under the direct supervision of such attorneys;

(b) Court personnel, including stenographic reporters and certified videotape operators, engaged in those proceedings that are a necessary incident to the trial or preparation of this action for trial;

(c) The Parties and the Parties' employees, provided that such employees shall be bound by the terms of this Order with respect to such CONFIDENTIAL INFORMATION;

(d) A deposition witness, provided that any portion of the deposition transcript that references the CONFIDENTIAL INFORMATION is, itself, designated as CONFIDENTIAL INFORMATION; and

(e) Any outside independent economic, real estate, technical, accounting, legal, or jury consultants retained or utilized by counsel for the receiving Party for assistance in the preparation, defense, prosecution, or trial of this action, provided such outside consultant and/or expert is furnished with a copy of this Protective Order and executes a written agreement in the form attached hereto as *Exhibit A*, acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them. Each such statement shall be kept by the employing counsel for reference should such reference become necessary.

4. <u>Disclosure of CONFIDENTIAL INFORMATION to Comply with Legal Obligations</u>. CONFIDENTIAL INFORMATION may be used by a receiving Party to comply with legal obligations, but if such compliance requires the disclosure of CONFIDENTIAL INFORMATION to a third party who is not a Qualified Person, the Party who seeks to disclose such information shall provide reasonable advanced notice of such intended disclosure to the Producing Party who designated the information as CONFIDENTIAL INFORMATION. If the Producing Party provides written objections to

such disclosure of CONFIDENTIAL INFORMATION, the receiving Party shall not disclose the CONFIDENTIAL INFORMATION absent Court approval.

   5. <u>Manner of Designating CONFIDENTIAL INFORMATION</u>. Whenever a document or thing produced by a Producing Party involves a disclosure of information which the Producing Party deems to be CONFIDENTIAL INFORMATION which it wishes to be made subject to this Protective Order, the Producing Party shall designate the document or thing as CONFIDENTIAL INFORMATION at the time it is turned over to the receiving Party. Such designation shall be made by marking each page of the document that contains CONFIDENTIAL INFORMATION with the legend "*CONFIDENTIAL - CASE NO. 2:23-cv-00109.*"

   6. <u>Use of CONFIDENTIAL INFORMATION</u>. All information produced by a Producing Party which is designated as containing or comprising CONFIDENTIAL INFORMATION shall be maintained by each receiving Party in confidence according to the terms of this Protective Order and used by the receiving Party solely: (i) in the preparation, defense, prosecution, or trial of this action, or (ii) as permitted pursuant to paragraph 4 hereof. Nothing contained herein shall limit or prevent disclosure or use of any item of CONFIDENTIAL INFORMATION by the Producing Party who designated the item CONFIDENTIAL INFORMATION.

   7. <u>Subject to Jurisdiction</u>. Each person to whom disclosure of any CONFIDENTIAL INFORMATION is made agrees to subject himself/herself to the jurisdiction of this Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order. This Court retains jurisdiction to amend, modify, or add to this Protective Order, and any Party may apply to the Court for amendment or modification of or addition to this Protective Order at any time.

   8. <u>Witnesses, Jurors, Court Personnel, and Reporters</u>. Designation of information as CONFIDENTIAL INFORMATION by the Producing Party shall not prevent the receiving Party from using such CONFIDENTIAL INFORMATION during a

deposition in this matter, in a motion or pleading filed with the Court in this matter, or at trial, and nothing in this Protective Order shall preclude court officials, jurors, or any certified court reporter retained to transcribe depositions in this case from access to CONFIDENTIAL INFORMATION during judicial proceedings or depositions in this action.

9. <u>Handling of CONFIDENTIAL INFORMATION</u>. A recipient of any CONFIDENTIAL INFORMATION that is produced or disclosed pursuant to this Protective Order shall maintain the same in a secure and safe area, and the recipient shall exercise the same standard of due and proper care with respect to the storage, custody, use, or dissemination of all such CONFIDENTIAL INFORMATION as is exercised by the recipient with respect to its own CONFIDENTIAL INFORMATION. After the final termination of this matter through a settlement or the entry of a judgment, each receiving Party shall either destroy or return to the Producing Party any CONFIDENTIAL INFORMATION.

10. <u>Challenge to Designation as CONFIDENTIAL INFORMATION</u>. Any Producing Party and the Parties shall act in good faith in designating CONFIDENTIAL INFORMATION. In that regard:

(a) The receipt of any document, thing, testimony, or response to an interrogatory designated as CONFIDENTIAL INFORMATION by the Producing Party shall not be construed as agreement by the receiving Party that any such document, thing, testimony, or response to an interrogatory is in fact confidential, and shall not operate as a waiver of the receiving Party's right to challenge any such designation as provided herein.

(b) None of the Parties hereto shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION, and a failure to do so shall not preclude a subsequent challenge to such status. The burdens of proof and of persuasion with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION shall rest on the Producing Party.

    (c)  In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION, the Parties shall attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, the Producing Party shall file a motion for an appropriate order within ten (10) days of a written demand from the challenging Party. The information shall be treated as confidential until the issue is resolved by agreement of the Parties or order of the Court. Failure of the Producing Party to timely file an appropriate motion as described herein shall be deemed to be acquiescence to the objection and a waiver of the confidentiality designation.

  11. <u>All Other Objections Preserved</u>. This Protective Order is intended to provide a mechanism for the handling of CONFIDENTIAL INFORMATION to which there is no objection to producing or disclosing other than as to its confidentiality. Each Party reserves the right to object to any disclosure of information or the production of any document it deems confidential on any other ground it may deem appropriate. However, neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this proceeding. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation to produce information in the course of discovery.

  12. <u>Inadvertent Failure To Designate As CONFIDENTIAL INFORMATION</u>. If a Producing Party inadvertently discloses to a receiving Party any document, thing, testimony, or information containing information that it deems confidential without designating it as CONFIDENTIAL INFORMATION, the Producing Party shall promptly upon discovery of such inadvertent disclosure inform the receiving Party in writing and the receiving Party shall thereafter treat the document, thing, testimony, or information as CONFIDENTIAL INFORMATION under this Protective Order. To the extent such document, thing, testimony, or information may have been disclosed to persons other than

authorized persons described in this Protective Order, such disclosure shall not constitute a violation of this Protective Order, but the receiving Party shall make every reasonable effort to retrieve the document, thing, or information promptly from such persons and to limit any further disclosure to non-authorized persons.

13. <u>Scope of Order</u>. Any non-party to this action or a litigant not included as a Party to this Protective Order who shall be called upon to make discovery or to provide deposition or other testimony shall be entitled to avail itself of the provisions and protections of this Protective Order only with the written consent of the Party seeking such discovery and the signing of an agreement to be bound by this Protective Order, and, by doing so, assumes the duties and obligations imposed upon the Parties by this Protective Order.

14. <u>Amendment of this Order by Agreement</u>. This Protective Order may be amended without leave of Court by the agreement of counsel for the Parties in the form of a stipulation that shall be filed in this case.

# **EXHIBIT A**

I, _____, hereby acknowledge that I have received and read a copy of the *Stipulated Protective Order of Confidentiality* entered in Cause No. 2:23-cv-00109 in the United States District Court of Arizona, and I agree to comply with and be bound by the provisions of the *Stipulated Protective Order of Confidentiality*.

DATED _____.

Signature:_____

Warner Angle Hallam Jackson & Formanek PLC