```
Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
```
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Eastern Industries, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>EarthCo Enterprises, LLC, an Arizona limited liability company; Thomas Vella and Jane Doe Vella, husband and wife, Wesley Zlotoff and Jane Doe Zlotoff, husband and wife; Dominic Riccobono and Jane Doe Riccobano, husband and wife, and Jack Thomas Riccobono and Jane Roe Riccobono, husband and wife, Scott Williams and Jane Doe Williams, husband and wife,<br><br>Defendants. | Case No.: 2:23-cv-00109<br><br>**STIPULATION TO EXTEND DEADLINES**<br><br>(Sixth Request)<br><br>(Assigned to the Honorable Susan M. Brnovich) |

Through counsel undersigned and pursuant to Rule 7.3 of the Local Rules of Civil Procedure, the parties hereby stipulate and agree to one <u>last and final</u> extension of deadlines and dates in this action – in particular, of the two remaining deadlines and one remaining hearing date in this action, all in accordance with the [Proposed] Order attached hereto.

Good cause exists for such an extension. The parties do not make this request lightly or with any intent or purpose to delay these proceedings, and they are fully and unfortunately aware that such a request no doubt strains the limits of the Court's patience.

Nevertheless, the need for such relief has arisen primarily because of unanticipated delay caused by a third party – more particularly, because of a near-three-month delay on the part of the Arizona Department of Agriculture (the "Department") in responding to a subpoena duces tecum for important documents in this matter.

On August 29, 2025, Plaintiff's process server served the Department with a subpoena duces tecum for the production of documents (the "Subpoena"). The letter accompanying the Subpoena requested the Department produce the documents no later than September 15, 2025. However, no response was received to the Subpoena. In the interim between that and the present time, Plaintiff's counsel left multiple voicemails with Department personnel regarding the Department's lack of response to the Subpoena, and spoke with at least one Department employee who assured that an update on the production would soon be forthcoming. Nevertheless, no response to, or update regarding, the Subpoena was received from the Department until November 18, 2025. On that date, Plaintiff's counsel finally received an update on the Department's response thereto, as an official with the Department told Plaintiff's counsel that she was working to get the requested response out "within the week." That came and went. Plaintiff's next contact was received on December 15, 2025. In that communication, the Department told Plaintiff's counsel "I apologize for the delay. I have reached out to our licensing staff regarding the delay, and am continuing to work on accessing these records. Thank you." While Plaintiff was cautiously optimistic that the requested documents would have been received by today's date, they have not been received. Plaintiff has requested a further update, and may

need to seek Court intervention. However, counsel will still need time to review and analyze the production and conduct further discovery related to it.

On top of the circumstances set forth above, multiple scheduling conflicts on both sides as a result of busy caseloads, illnesses, and the Holiday Season have also unfortunately delayed the progress of discovery.

The parties fully realize that the Court has been exceedingly understanding and generous in granting five previous extensions of deadlines, and that a sixth such request at this stage of the litigation certainly does not reflect the ideal litigation schedule envisioned for a federal civil proceeding. While under normal circumstances such relief is the last thing any of the parties would prefer to seek, under the unfortunate circumstances set forth herein, and with an eye toward a resolution of this dispute on the merits rather than procedural irregularity, the parties respectfully and apologetically make what will be their <u>last and final</u> such request.

Accordingly, the parties stipulate and agree to modify the following dates and deadlines in this action as follows:

1. The last day to complete fact discovery, from October 28, 2025 to **February 27, 2026**;

2. The last day to file dispositive motions, from December 29, 2025 to **April 30, 2026**, and;

3. The Telephonic Trial Setting Conference, from January 12, 2026 at 9:45 a.m. to a date and time approximately one hundred twenty days later, to be set by the Court.

///

3

**RESPECTFULLY SUBMITTED** this 29th day of December 2025.

**MILLS + WOODS LAW, PLLC**

By   */s/ Sean A. Woods*
     Robert T. Mills
     Sean A. Woods
     5055 North 12th Street, Suite 101
     Phoenix, AZ 85014
     *Attorneys for Plaintiff*

**WARNER ANGLE HALLAM JACKSON & FORMANEK PLC**

By   */s/ Peter J. Foster (w/ permission)*
     Sandra E. Portney
     Peter J. Foster
     James Valletta
     2555 E Camelback Rd., Ste. 800
     Phoenix, AZ 85016
     *Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, I electronically transmitted the foregoing document to the following via the Court's ECF filing system:

Sandra E. Portney
sportney@warnerangle.com
landrosiuk@warnerangle.com
Peter J. Foster
pfoster@warnerangle.com
ebailey@warnerangle.com
lmazza@warnerangle.com
James Valletta
jvalletta@warnerangle.com
**WARNER ANGLE HALLAM JACKSON & FORMANEK PLC**
2555 E Camelback Rd., Ste. 800
Phoenix, AZ 85016
(602) 264-7101
*Attorneys for Defendants*


    /s/ Ben Dangerfield

5