Sandra E. Portney, State Bar No. 018881
Peter J. Foster, State Bar No. 026242
**WARNER ANGLE HALLAM**
 **JACKSON & FORMANEK PLC**
2555 East Camelback Rd., Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
E-mail:  sportney@warnerangle.com
    pfoster@warnerangle.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eastern Industries, LLC, a New York limited liability company,<br><br>            Plaintiff,<br>    v.<br><br>EarthCo Enterprises, LLC, an Arizona limited liability company; Thomas Vella and Jane Doe Vella, husband and wife, Wesley Zlotoff and Jane Doe Zlotoff, husband and wife; Dominic Riccobono and Jane Doe Riccobano, husband and wife, and Jack Thomas Riccobono and Jane Roe Riccobono, husband and wife, Scott Williams and Jane Doe Williams, husband and wife,<br><br>            Defendants. | Case No. 2:23-cv-00109<br><br>**DEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENAS**<br><br>**AND**<br><br>**MOTION FOR PROTECTIVE ORDER** |

Pursuant to Rules 45(d)(3) and 26(c) of the Federal Rules of Civil Procedure, Defendants request an Order limiting the scope of the four subpoenas ("**Subpoenas**") that were issued in connection with the above-described action to: Bank of America, NA, JPMorgan Chase Bank, NA, Wells Fargo Bank, NA, and Zions Bancorporation, NA ("**Subpoenaed Parties**"). The Subpoenas improperly seek documents and things outside the

permitted scope of discovery in this case. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.")

Defendants take issue with the Subpoenas in two respects. First, the requested time period of January 1, 2019, to present is outside the permitted scope of discovery. During counsel's good faith consultation,[1] counsel for Plaintiff agreed to limit the time period in the Subpoenas to November 1, 2019, through March 31, 2023. Second, the requests for banking information for accounts held by Thomas Vella and Wesley Zlotoff are outside the permitted scope of discovery and subject both individuals to annoyance, embarrassment, oppression, and undue burden or expense.

Defendants respectfully request that the Court enter an Order confirming the agreement of the parties to modify the period in the Subpoenas to November 1, 2019, through March 31, 2023, and disallowing the production of individual banking records related to Thomas Vella and Wesley Zlotoff.

This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**(1) Facts**

This case involves rights and obligations arising out of a Joint Venture Agreement dated November 10, 2019. On June 4, 2024, this Court granted Defendant's Motion to Dismiss for Failure to State a Claim Regarding Count Six—Fraud, and Count Nine—Constructive Fraud. [*See* Doc. 60.] Now, the only remaining claims in this case are:

- A claim for breach of contract against Defendant EarthCo Enterprises, LLC only.

---

[1] Pursuant to Fed. R. Civ. P. 26(c), a Certification Re: Good Faith Consultation is attached to this Motion as "*Exhibit A*."

- A claim for breach of the duty of good faith and fair dealing against Defendant EarthCo Enterprises, LLC only.
- A claim for breach of fiduciary duty against Defendant EarthCo Enterprises, LLC only.
- A claim for fraud in the inducement against Defendant EarthCo Enterprises, LLC and Thomas Vella.
- A claim for fraudulent transfer.
- A claim for aiding and abetting fraud in the inducement.

**(2) Argument**

Fed. R. Civ. P. 26(b) provides that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 45 provides that a subpoena may be quashed or modified if it requires disclosing "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…."

Here, counsel for Plaintiff has already agreed to limit the time period in the Subpoenas to November 1, 2019, through March 31, 2023. Although Defendants have already disclosed banking records for EarthCo Enterprises, LLC, the parties agree that the Subpoenas can compel the production of banking records for EarthCo Enterprises, LLC from November 1, 2019, through March 31, 2023. Any production of documents pursuant to the Subpoenas should be made in accordance with the Stipulated Protective Order of Confidentiality (Doc.

97), as banking records are CONFIDENTIAL INFORMATION as that term is used in the Order.

With respect to the Subpoenas' requests for banking information for accounts held by Thomas Vella and Wesley Zlotoff, such information is outside the permitted scope of discovery and subjects both individuals to annoyance, embarrassment, oppression, and undue burden or expense. Personal banking information of both individuals is not relevant to the claims at issue in this case, which are almost exclusively asserted against EarthCo Enterprises, LLC only. To the extent Plaintiff is trying to demonstrate improper transfers of money from EarthCo Enterprises LLC, then the banking records of EarthCo Enterprises LLC are sufficient for that purpose.

**(3) Conclusion**

For all the reasons set forth herein, Defendants respectfully request that the Court entered an Order that: (1) confirms the agreement of the parties to modify the period in the Subpoenas to November 1, 2019, through March 31, 2023; (2) disallows the production of individual banking records related to Thomas Vella and Wesley Zlotoff; and (3) requires that any production of documents pursuant to the Subpoenas should be made in accordance with the Stipulated Protective Order of Confidentiality (Doc. 97).

A proposed form of Order has been lodged herewith.

DATED this 26th day of January, 2026.

                              **WARNER ANGLE HALLAM JACKSON & FORMANEK PLC**

                              By  */s/ Peter J. Foster*
                                  Sandra E. Portney
                                  Peter J. Foster
                                  2555 East Camelback Road, Suite 800
                                  Phoenix, Arizona 85016
                                  *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, and that on said date a copy was delivered electronically via the CM/ECF filing system to:

>Robert T. Mills
>rmills@millsandwoods.com
>Sean A. Woods
>swoods@millsandwoods.com
>Mills + Woods Law, PLLC
>docket@millsandwoods.com
>5055 N 12th St., Ste. 101
>Phoenix, AZ 85014
>*Attorneys for Plaintiff*

/s/ C. Toledo