1  Sandra E. Portney, State Bar No. 018881
2  Peter J. Foster, State Bar No. 026242
   **WARNER ANGLE HALLAM**
3   **JACKSON & FORMANEK PLC**
4  2555 East Camelback Rd., Suite 800
   Phoenix, Arizona 85016
5  Telephone: (602) 264-7101
6  E-mail:  sportney@warnerangle.com
             pfoster@warnerangle.com
7  *Attorneys for Defendants*

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF ARIZONA

10

11 | Eastern Industries, LLC, a New York    | Case No. 2:23-cv-00109
   | limited liability company,
12 |
   |                                         | **NOTICE OF SERVICE OF**
13 |              Plaintiff,                 | **DISCOVERY**
   |    v.
14 |
15 | EarthCo Enterprises, LLC, an Arizona
   | limited liability company; Thomas Vella
16 | and Jane Doe Vella, husband and wife,
   | Wesley Zlotoff and Jane Doe Zlotoff,
17 | husband and wife; Dominic Riccobono and
18 | Jane Doe Riccobano, husband and wife,
   | and Jack Thomas Riccobono and Jane Roe
19 | Riccobono, husband and wife, Scott
20 | Williams and Jane Doe Williams, husband
   | and wife,
21 |
22 |              Defendants.

23

24     Defendants hereby give notice of service of the following discovery on Plaintiff,

25 Eastern Industries, LLC, on February 3, 2026, via e-mail:

26     1.    Second Amended Notice of Rule 30(B)(6) Deposition of the officer(s),

27           director(s), manager(s), employee(s) or other person(s) on behalf of Eastern

28           Industries, LLC who has/have the most knowledge;

2.    Subpoena and Second Amended Notice of Deposition of Jim Welch; and

3.    Subpoena and Second Amended Notice of Deposition of Anthony Smith.

DATED this 3rd day of February, 2026.

**WARNER ANGLE HALLAM**
**JACKSON & FORMANEK PLC**


By  */s/ Peter J. Foster*
Sandra E. Portney
Peter J. Foster
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
*Attorneys for Defendants*

Warner Angle Hallam Jackson & Formanek PLC

1

## CERTIFICATE OF SERVICE

2   I hereby certify that on the 3rd day of February, 2026, I electronically filed the

3 foregoing document with the Clerk of the Court using the CM/ECF filing system, and that on said date a copy was delivered electronically via the CM/ECF filing system to:

4

5        Robert T. Mills
rmills@millsandwoods.com

6        Sean A. Woods
swoods@millsandwoods.com

7        Mills + Woods Law, PLLC

8        docket@millsandwoods.com
5055 N 12th St., Ste. 101

9        Phoenix, AZ 85014

10        *Attorneys for Plaintiff*

11

12 */s/ E. Bailey*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Sandra E. Portney, State Bar No. 018881
2  Peter J. Foster, State Bar No. 026242
   **WARNER ANGLE HALLAM**
3   **JACKSON & FORMANEK PLC**
4  2555 East Camelback Rd., Suite 800
   Phoenix, Arizona 85016
5  Telephone: (602) 264-7101
   E-mail:   sportney@warnerangle.com
6             pfoster@warnerangle.com
7  *Attorneys for Defendants*

8                IN THE UNITED STATES DISTRICT COURT
9
                  FOR THE DISTRICT OF ARIZONA
10

11  Eastern Industries, LLC, a New York       Case No. 2:23-cv-00109
    limited liability company,
12
                                              **SECOND AMENDED NOTICE OF**
13                       Plaintiff,           **RULE 30(B)(6) DEPOSITION**
          v.
14

15  EarthCo Enterprises, LLC, an Arizona
    limited liability company; Thomas Vella
16  and Jane Doe Vella, husband and wife,
    Wesley Zlotoff and Jane Doe Zlotoff,
17  husband and wife; Dominic Riccobono and
    Jane Doe Riccobano, husband and wife,
18  and Jack Thomas Riccobono and Jane Roe
    Riccobono, husband and wife, Scott
19  Williams and Jane Doe Williams, husband
    and wife,
20

21

22                       Defendants.

23

24        PLEASE TAKE NOTICE that pursuant to Fed.R.Civ.P., Rule 30, Defendants,

25  through undersigned counsel, will take the Rule 30(b)(6) deposition of the designated

26  representative of Eastern Industries, LLC at the time and place stated below before an

27  officer authorized by law to administer oaths.  The deposition will be recorded by

28  stenographic means.

**PERSON TO BE EXAMINED:**    The officer(s), director(s), manager(s), employee(s) or other person(s) on behalf of Eastern Industries, LLC who has/have the most knowledge of the subjects addressed in Exhibit "A" attached hereto.

**DATE AND TIME OF DEPOSITION:**    February 10, 2026 at 10:00AM (Arizona time)

**PLACE OF DEPOSITION:**    Via Zoom Conference (link to be provided)

**MEANS OF RECORDING:**    Court reporter

DATED this 3rd day of February, 2026.

**WARNER ANGLE HALLAM
 JACKSON & FORMANEK PLC**


By  */s/Peter J. Foster*
        Sandra E. Portney
        Peter J. Foster
        2555 East Camelback Road, Suite 800
        Phoenix, Arizona 85016
        *Attorneys for Defendants*

Warner Angle Hallam Jackson & Formanek PLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of February, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, and that on said date a copy was delivered electronically via the CM/ECF filing system to:

Robert T. Mills
rmills@millsandwoods.com
Sean A. Woods
swoods@millsandwoods.com
Mills + Woods Law, PLLC
docket@millsandwoods.com
5055 N 12th St., Ste. 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

I also hereby certify that on the same date the foregoing Notice of Rule 30(b)(6) Deposition was served via electronic mail on the Court Reporter.

Griffin Group International
*Court Reporter*
calendar@griffinreporters.com


*/s/ E. Bailey*

# EXHIBIT "A"

Deposition of a witness (or witnesses) designated pursuant to Fed.R.Civ.P. 30(b)(6) from Eastern Industries LLC with knowledge of the following topics:

1. All allegations in Eastern's Complaint (all versions).

2. Eastern's disclosures and responses to written discovery in this action.

3. The allegations in the original Complaint filed by Mr. Smith, Mr. Welch, and Mr. Sacks.

4. The facts and circumstances surrounding the negotiation and consummation of the Joint Venture Agreement.

5. Eastern's internal communications referring or relating to the Joint Venture Agreement and/or the proposed Addendum to Joint Venture Agreement.

6. Eastern's communications with EarthCo or its employees or agents referring or relating to the Joint Venture Agreement and/or the proposed Addendum to Joint Venture Agreement.

7. Eastern's communications with third-parties referring or relating to the Joint Venture Agreement or the hemp products created under the Joint Venture Agreement.

8. Eastern's damages in the instant case.

9. Eastern's efforts – if any – to mitigate its damages.

10. Eastern's experience in the hemp industry.

11. Eastern's corporate records.

12. Eastern's document preservation practices, including all measures taken to preserve relevant information.

1  Sandra E. Portney, State Bar No. 018881
2  Peter J. Foster, State Bar No. 026242
   **WARNER ANGLE HALLAM**
3   **JACKSON & FORMANEK PLC**
4  2555 East Camelback Rd., Suite 800
   Phoenix, Arizona 85016
5  Telephone: (602) 264-7101
6  E-mail:   sportney@warnerangle.com
              pfoster@warnerangle.com
7  *Attorneys for Defendants*

8                IN THE UNITED STATES DISTRICT COURT

9                    FOR THE DISTRICT OF ARIZONA
10

11  Eastern Industries, LLC, a New York        Case No. 2:23-cv-00109
    limited liability company,
12
                                               **SECOND AMENDED NOTICE OF**
13                        Plaintiff,           **DEPOSITION OF ANTHONY**
            v.                                 **SMITH**
14

15  EarthCo Enterprises, LLC, an Arizona
    limited liability company; Thomas Vella
16  and Jane Doe Vella, husband and wife,
    Wesley Zlotoff and Jane Doe Zlotoff,
17  husband and wife; Dominic Riccobono and
    Jane Doe Riccobano, husband and wife,
18  and Jack Thomas Riccobono and Jane Roe
    Riccobono, husband and wife, Scott
19  Williams and Jane Doe Williams, husband
    and wife,
20
21

22                        Defendants.

23

24        PLEASE TAKE NOTICE that pursuant to Fed.R.Civ.P., Rule 30, Defendants,

25  through undersigned counsel, will take the deposition of Anthony Smith at the time and

26  place stated below before an officer authorized by law to administer oaths. The deposition

27  will be recorded by stenographic means.

28

Warner Angle Hallam Jackson & Formanek PLC

1    **PERSON TO BE EXAMINED:**        Anthony Smith

2    **DATE AND TIME OF DEPOSITION:**     February 10, 2026 at 4:00PM (Arizona time)

3    **PLACE OF DEPOSITION:**         Via Zoom Conference (link to be
4                              provided)

5    **MEANS OF RECORDING:**          Court reporter

6        DATED this 3rd day of February, 2026.

7                         **WARNER ANGLE HALLAM**
8                          **JACKSON & FORMANEK PLC**

9

10                      By  */s/ Peter J. Foster*
                          Sandra E. Portney
11                         Peter J. Foster
                          2555 East Camelback Road, Suite 800
12                         Phoenix, Arizona 85016
                          *Attorneys for Defendants*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Warner Angle Hallam Jackson & Formanek PLC

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on the 3rd day of February, 2026, I electronically filed the

3
foregoing document with the Clerk of the Court using the CM/ECF filing system, and that
on said date a copy was delivered electronically via the CM/ECF filing system to:

4

5
Robert T. Mills
rmills@millsandwoods.com

6
Sean A. Woods
swoods@millsandwoods.com

7
Mills + Woods Law, PLLC
docket@millsandwoods.com

8

9
5055 N 12th St., Ste. 101
Phoenix, AZ 85014

10
*Attorneys for Plaintiff*

11
I also hereby certify that on the same date the foregoing Notice of Deposition was

12
served via electronic mail on the Court Reporter.

13
Griffin Group International
*Court Reporter*

14
calendar@griffinreporters.com

15

16
*/s/ E. Bailey*

17

18

19

20

21

22

23

24

25

26

27

28

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona   ▾

| | |
|---|---|
| Eastern Industries, LLC | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:23-cv-00109 |
| EarthCo Enterprises, LLC, et al. | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Anthony Smith

_____
_(Name of person to whom this subpoena is directed)_

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: VIA ZOOM<br>Warner Angle Hallam Jackson & Formanek, PLC<br>2555 E. Camelback Rd, Suite 800, Phoenix, AZ 85016 | Date and Time:<br>02/10/2026 4:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenographer

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/3/26

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Defendants
_____ , who issues or requests this subpoena, are:
Sandra Portney, sportney@warnerangle.com; Peter J. Foster, pfoster@warnerangle.com - 602-264-7101

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1   Sandra E. Portney, State Bar No. 018881
    Peter J. Foster, State Bar No. 026242
2   **WARNER ANGLE HALLAM**
3    **JACKSON & FORMANEK PLC**
    2555 East Camelback Rd., Suite 800
4   Phoenix, Arizona 85016
5   Telephone: (602) 264-7101
    E-mail:  sportney@warnerangle.com
6            pfoster@warnerangle.com
7   *Attorneys for Defendants*

8           IN THE UNITED STATES DISTRICT COURT

9             FOR THE DISTRICT OF ARIZONA

10

11   Eastern Industries, LLC, a New York      Case No. 2:23-cv-00109
    limited liability company,
12

13               Plaintiff,      **SECOND AMENDED NOTICE OF**
                     **DEPOSITION OF JIM WELCH**
14     v.

15   EarthCo Enterprises, LLC, an Arizona
    limited liability company; Thomas Vella
16   and Jane Doe Vella, husband and wife,
    Wesley Zlotoff and Jane Doe Zlotoff,
17   husband and wife; Dominic Riccobono and
18   Jane Doe Riccobano, husband and wife,
    and Jack Thomas Riccobono and Jane Roe
19   Riccobono, husband and wife, Scott
    Williams and Jane Doe Williams, husband
20   and wife,
21

22               Defendants.

23

24       PLEASE TAKE NOTICE that pursuant to Fed.R.Civ.P., Rule 30, Defendants,

25   through undersigned counsel, will take the deposition of Jim Welch at the time and place

26   stated below before an officer authorized by law to administer oaths.  The deposition will

27   be recorded by stenographic means.

28

Warner Angle Hallam Jackson & Formanek PLC

1    **PERSON TO BE EXAMINED:**           Jim Welch

2    **DATE AND TIME OF DEPOSITION:**     February 10, 2026 at 3:00PM (Arizona time)

3    **PLACE OF DEPOSITION:**             Via Zoom Conference (link to be
4                                         provided)

5    **MEANS OF RECORDING:**              Court reporter

6        DATED this 3rd day of February, 2026.

7                                    **WARNER ANGLE HALLAM**
8                                     **JACKSON & FORMANEK PLC**

9

10                                   By  */s/ Peter J. Foster*
                                         Sandra E. Portney
11                                       Peter J. Foster
                                         2555 East Camelback Road, Suite 800
12                                       Phoenix, Arizona 85016
                                         *Attorneys for Defendants*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="text-align: right; writing-mode: vertical">Warner Angle Hallam Jackson & Formanek PLC</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, and that on said date a copy was delivered electronically via the CM/ECF filing system to:

Robert T. Mills
rmills@millsandwoods.com
Sean A. Woods
swoods@millsandwoods.com
Mills + Woods Law, PLLC
docket@millsandwoods.com
5055 N 12th St., Ste. 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

I also hereby certify that on the same date the foregoing Notice of Deposition was served via electronic mail on the Court Reporter.

Griffin Group International
*Court Reporter*
calendar@griffinreporters.com


*/s/ E. Bailey*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona  ▼

| | |
|---|---|
| Eastern Industries, LLC | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   2:23-cv-00109 |
| EarthCo Enterprises, LLC, et al. | ) |
| | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                       Jim Welch

_____
_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: VIA ZOOM <br> Warner Angle Hallam Jackson & Formanek, PLC <br> 2555 E. Camelback Rd, Suite 800, Phoenix, AZ 85016 | Date and Time: <br> 02/10/2026 3:00 pm |
|---|---|

The deposition will be recorded by this method:  Stenographer
_____

☐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/3/26

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _____ | | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  _____
Defendants
_____ , who issues or requests this subpoena, are:
Sandra Portney, sportney@warnerangle.com; Peter J. Foster, pfoster@warnerangle.com - 602-264-7101

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).