Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Eastern Industries, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>EarthCo Enterprises, LLC, an Arizona limited liability company; Thomas Vella and Jane Doe Vella, husband and wife, Wesley Zlotoff and Jane Doe Zlotoff, husband and wife; Dominic Riccobono and Jane Doe Riccobano, husband and wife, and Jack Thomas Riccobono and Jane Roe Riccobono, husband and wife, Scott Williams and Jane Doe Williams, husband and wife,<br><br>Defendants. | Case No.: 2:23-cv-00109<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENAS AND MOTION FOR PROTECTIVE ORDER**<br><br>(Assigned to the Honorable Susan M. Brnovich) |

Through counsel undersigned, Plaintiff Eastern Industries, LLC ("Plaintiff") submits this Response in Opposition to Defendants' Motion to Quash or Modify Subpoenas and Motion for Protective Order (Doc. 109) (the "Motion"). Defendants' Motion should be denied except to the limited extent the parties have already agreed to narrow the temporal scope of the subpoenas. This Response is supported by the record and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants seek to prevent discovery that is directly relevant to Plaintiff's surviving claims, including fraud in the inducement, fraudulent transfer, and aiding and abetting fraud. While Plaintiff does not dispute the parties' agreement to limit the subpoena period to November 1, 2019 through March 31, 2023, Defendants' attempt to categorically bar production of individual banking records for Thomas Vella and Wesley Zlotoff lacks legal and factual support.

Federal courts consistently hold that where fraud, fraudulent transfer, or personal participation in wrongdoing is alleged, discovery into individual financial records is proper and proportional. Defendants' generalized privacy objections fall well short of the showing required under Rules 26 and 45.

### I.  STANDING

Defendants lack standing to challenge a subpoena sent to a third-party. It is the third-party who has standing to challenge the subpoenas at issue here. Generally, "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *In re Rule 45 Subpoenas Issued to Google LLC,* Case No. 20-mc-80141-VKD (N.D. Cal. Dec 07, 2020) (internal citations omitted).

In *United States v. Miller*, 425 U.S. 435, 440, 96 S.Ct. 1619, 1623 (1976), the Supreme Court held:

> "that an individual has no reasonable expectation of privacy in his bank account records. In response to *Miller*, Congress enacted the Right to Financial Privacy Act, 12 U.S.C. § 3401, et seq. Section § 3403(a) of the Act states that "[n]o financial institution or officer, employee, or agent of a financial institution, may provide to any Government authority access to or copies of, or the information contained in, the financial records of any customer except in accordance with the provisions of this chapter." Section 3401 defines "customer" as "any person or authorized representative of that person who utilized or is utilizing any service of a financial institution . . . ." "Person" is defined as "an individual or partnership of five or fewer individuals." Thus, the statute does not protect from disclosure to the

Government, the bank account records of corporations or limited liability companies.

*Acosta v. Wellfleet Commc'ns, LLC*, Case No.: 2:16-cv-02353-GMN-GWF (D. Nev. Nov 08, 2017), 12.

The *Acosta* Court held that "[a]lthough Defendants do not have a legally protected privacy interest in their bank account records, the court may quash the subpoenas or issue a protective order against the production of the records if Defendants demonstrate that the records are completely irrelevant, or are only relevant as to a specific time period." *Acosta,* (D. Nev. Nov 08, 2017), 10. Defendants in this case cannot do so. Plaintiff's claims for fraudulent transfer and aiding and abetting show that personal banking information of Defendants Vella and Zlotoff are directly relevant.

## II. THE AGREED TEMPORAL LIMITATION IS NOT IN DISPUTE

Plaintiff agrees that the subpoenas should be limited to the period of November 1, 2019 through March 31, 2023, consistent with the parties' meet-and-confer discussions. Because the parties are already in agreement, this portion of Defendants' motion is effectively moot and does not justify further relief.

## III. INDIVIDUAL BANKING RECORDS OF VELLA AND ZLOTOFF ARE RELEVANT AND DISCOVERABLE

Defendants argue that individual banking records for Thomas Vella and Wesley Zlotoff are outside the scope of discovery because most remaining claims are asserted against EarthCo Enterprises, LLC. That argument misstates both the pleadings and governing law.

Plaintiff asserts claims for fraud in the inducement, fraudulent transfer, and aiding and abetting fraud against EarthCo and Thomas Vella. These claims necessarily place at issue whether EarthCo funds were transferred to individuals, whether such transfers were improper, and whether individual defendants personally benefited from the alleged misconduct. Courts routinely permit discovery of personal financial records where plaintiffs allege fraud or fraudulent transfers. *See*, e.g., *Credit Lyonnais, S.A. v. SGC Int'l,*

3

*Inc.*, 160 F.3d 428, 431 (8th Cir. 1998) (holding that discovery of personal financial records was appropriate where plaintiff alleged fraudulent transfer and diversion of assets).

Within the Ninth Circuit, courts have repeatedly recognized that privacy interests in financial records must yield where the records are directly relevant and subject to a protective order. The 9th Circuit recognized that:

> As a general rule, the public is permitted "access to litigation documents and information produced during discovery." *Phillips*, 307 F.3d at 1210; see also *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir.1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Under Rule 26, however, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). **The party opposing disclosure has the burden of proving "good cause,"** which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir.2003).

*Roman Catholic Archbishop of Portland in Oregon v. Various Tort Claimants*, 661 F.3d 417, 2011 Daily Journal D.A.R. 16301 (9th Cir. 2011) (emphasis added).

Defendants admit in their Motion that the following claims exist: A claim for breach of contract against Defendant EarthCo Enterprises, LLC only; A claim for breach of the duty of good faith and fair dealing against Defendant EarthCo Enterprises, LLC only; A claim for breach of fiduciary duty against Defendant EarthCo Enterprises, LLC only; A claim for fraud in the inducement against Defendant EarthCo Enterprises, LLC and Thomas Vella; A claim for fraudulent transfer; and a claim for aiding and abetting fraud in the inducement.

Limiting discovery to EarthCo's bank accounts alone would prevent Plaintiff from tracing whether funds were transferred to individual defendants, routed through personal accounts, or otherwise concealed, which is precisely the conduct Plaintiff alleges.

## IV. DEFENDANTS FAIL TO ESTABLISH GOOD CAUSE FOR A PROTECTIVE ORDER

Rule 26(c) places the burden squarely on the moving party to show "specific prejudice or harm" that will result from discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Defendants offer only conclusory assertions of "annoyance" and "embarrassment," which are insufficient as a matter of law. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy Rule 26(c)."). Moreover, any legitimate confidentiality concerns are already addressed by the Stipulated Protective Order (Doc. 97). A blanket prohibition on discovery of individual financial records is an extraordinary remedy and is not warranted here.

## V. THE SUBPOENAS ARE PROPORTIONAL UNDER RULE 26(B)

The subpoenas are narrowly tailored to specific financial institutions, a defined time period, and records directly related to Plaintiff's claims. Plaintiff lacks alternative means to obtain this information, and the importance of the discovery outweighs any minimal burden. Proportionality does not require discovery to be limited to corporate records where individuals are alleged to have personally participated in fraudulent activities. *Doe v. United States*, 253 F.3d 256, 264 (6th Cir. 2001) (financial records discoverable where they "may shed light on alleged wrongdoing").

Defendants' proportionality argument rests on the incorrect premise that individual conduct is irrelevant. It is not.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Deny Defendants' Motion to Quash or Modify Subpoenas except to the extent of enforcing the parties' agreed temporal limitation;
2. Deny Defendants' request to bar production of individual banking records for Thomas Vella and Wesley Zlotoff; and

5

3. Order that all productions continue to be governed by the existing Stipulated Protective Order.

**RESPECTFULLY SUBMITTED** this 9th day of February 2026.

            **MILLS + WOODS LAW, PLLC**


           By */s/ Sean A. Woods*
             Robert T. Mills
             Sean A. Woods
             5055 North 12th Street, Suite 101
             Phoenix, AZ 85014
             *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2026, I electronically transmitted the foregoing document to the following via the Court's ECF filing system:

Sandra E. Portney
sportney@warnerangle.com
landrosiuk@warnerangle.com
Peter J. Foster
pfoster@warnerangle.com
ebailey@warnerangle.com
lmazza@warnerangle.com
James Valletta
jvalletta@warnerangle.com
**WARNER ANGLE HALLAM JACKSON & FORMANEK PLC**
2555 E Camelback Rd., Ste. 800
Phoenix, AZ 85016
(602) 264-7101
*Attorneys for Defendants*


   */s/ Ben Dangerfield*