1  Sandra E. Portney, State Bar No. 018881
2  Peter J. Foster, State Bar No. 026242
   **WARNER ANGLE HALLAM**
3   **JACKSON & FORMANEK PLC**
4  2555 East Camelback Rd., Suite 800
   Phoenix, Arizona 85016
5  Telephone: (602) 264-7101
6  E-mail:   sportney@warnerangle.com
              pfoster@warnerangle.com
7  *Attorneys for Defendants*

8                    IN THE UNITED STATES DISTRICT COURT

9                       FOR THE DISTRICT OF ARIZONA
10

11 | Eastern Industries, LLC, a New York | Case No. 2:23-cv-00109 |
   | limited liability company, | |
12 | | |
   | Plaintiff, | **REPLY IN SUPPORT OF MOTION** |
13 | | **TO QUASH OR MODIFY** |
   | v. | **SUBPOENAS AND MOTION FOR** |
14 | | **PROTECTIVE ORDER** |
15 | EarthCo Enterprises, LLC, an Arizona | |
   | limited liability company; Thomas Vella | |
16 | and Jane Doe Vella, husband and wife, | |
17 | Wesley Zlotoff and Jane Doe Zlotoff, | |
   | husband and wife; Dominic Riccobono and | |
18 | Jane Doe Riccobano, husband and wife, | |
   | and Jack Thomas Riccobono and Jane Roe | |
19 | Riccobono, husband and wife, Scott | |
20 | Williams and Jane Doe Williams, husband | |
   | and wife, | |
21 | | |
22 | Defendants. | |

23

24      Defendants submit this Reply to their Motion to Quash or Modify Subpoenas and

25 Motion for Protective Order. Plaintiff has failed to demonstrate how the requests for

26 personal banking information of Thomas Vella and Wesley Zlotoff have any relevance to

27 the remaining claims in this matter. In its Response, Plaintiff argues that "[l]imiting

28 discovery to EarthCo's bank accounts alone would prevent Plaintiff from tracing whether

2 of 4

1    funds were transferred to individual defendants, routed through personal accounts, or

2    otherwise concealed, which is precisely the conduct Plaintiff alleges." [Response, 4:24-

3    26.] Plaintiff is wrong. The claims asserted in this year-old case are much narrower.

4        Plaintiff's fraudulent transfer claim alleges only that: (A) after this lawsuit was filed,

5    certain members of EarthCo withdrew from the entity; and (B) upon information and belief,

6    the withdrawn members received distributions or returns on investment from EarthCo,

7    leaving EarthCo insolvent to pay Plaintiff's claim. [*See* Second Amended Complaint (Doc.

8    43) at ¶¶ 129-131, emphasis added.]  Plaintiff has not asserted any other fraudulent transfer

9    theories. If Plaintiff wants to try to prove that the withdrawn members received

10   distributions from EarthCo – an allegation Plaintiff made upon information and belief –

11   then the banking records of EarthCo are the natural place to look. Plaintiff's efforts to

12   obtain individual banking account information for Thomas Vella and Wesley Zlotoff is

13   nothing more than a fishing expedition. "The party seeking discovery must make a prima

14   facie showing that the discovery sought is more than merely a fishing expedition." *N.*

15   *Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y.

16   2018) (*citing Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2

17   (E.D.N.Y. May 10, 2013).

18       Likewise, it is difficult to see how the personal banking records of Thomas Vella

19   and Wesley Zlotoff could shed any light on Plaintiff's fraud in the inducement claim. That

20   claim is largely premised on allegations that EarthCo and Thomas Vella made allegedly

21   false statements about anticipated future returns that could be expected under the joint

22   venture. While these alleged promises of future performance are insufficient to form the

23   basis of a fraud claim in any event, there can be no doubt that personal banking records of

24   Thomas Vella and Wesley Zlotoff will not have any tendency to make these allegations

25   more or less probable than they would be without the evidence. [*See* FRE 401] Instead, it

26   appears that Plaintiff seeks only to subject Mr. Vella and Mr. Zlotoff to annoyance,

27

28

Warner Angle Hallam Jackson & Formanek PLC

Warner Angle Hallam Jackson & Formanek PLC

1 | embarrassment, oppression, or undue expense by subpoenaing their personal banking

2 | records that have no relevance to the narrow claims that remain at issue in this matter.

3 |     Finally, in its Response, Plaintiff asserts that Defendant lacks standing to challenge

4 | a subpoena to a third party. The traditional rule is that "A party generally lacks standing to

5 | challenge a subpoena issued to a third-party absent a claim of privilege, proprietary interest,

6 | or personal interest in the subpoenaed matter. *See Eichenwald v. Rivello*, 321 F. Supp. 3d

7 | 562, 564 (D. Md. 2018). However, a number of federal courts have recognized an exception

8 | to this general rule. "[I]ndividuals, whose banking records are subpoenaed, have a privacy

9 | interest in their personal financial affairs that gives them standing to move to quash a

10 | subpoena served on a non-party financial institution." *Id.* (quoting *Arias-Zeballos v. Tan*,

11 | No. 06-cv-1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007)) Thus, the Movants

12 | have standing to object to the subpoenas. *See id. Petruss Media Grp., LLC v. Advantage*

13 | *Sales & Mktg. LLC*, 347 F.R.D. 39, 43–44 (D.D.C. 2024).

14 |     For the foregoing reasons, Defendants' Motion to Quash or Modify Subpoenas and

15 | Motion for Protective Order should be granted under Rules 45(d)(3) and 26(c) of the

16 | Federal Rules of Civil Procedure. Accordingly, Defendants respectfully request that the

17 | Court enter an Order that (1) disallows the production of individual banking records related

18 | to Thomas Vella and Wesley Zlotoff and (2) requires that any production of documents

19 | pursuant to the Subpoenas should be made in accordance with the Stipulated Protective

20 | Order of Confidentiality (Doc. 97).

21 |     DATED this 17th day of February, 2026.

22 | **WARNER ANGLE HALLAM**
23 | **JACKSON & FORMANEK PLC**

24 | By */s/ Peter J. Foster*
    Sandra E. Portney
25 |     Peter J. Foster
    2555 East Camelback Road, Suite 800
26 |     Phoenix, Arizona 85016
    *Attorneys for Defendants*

27

28

Warner Angle Hallam Jackson & Formanek PLC

1

## CERTIFICATE OF SERVICE

2
3
I hereby certify that on the 17th day of February, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, and that on said date a copy was delivered electronically via the CM/ECF filing system to:

4
5
Robert T. Mills
rmills@millsandwoods.com
6
Sean A. Woods
swoods@millsandwoods.com
7
Mills + Woods Law, PLLC
docket@millsandwoods.com
8
5055 N 12th St., Ste. 101
9
Phoenix, AZ 85014
*Attorneys for Plaintiff*
10

11

12
/s/ C. Toledo

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28