Sandra E. Portney, State Bar No. 018881
Peter J. Foster, State Bar No. 026242
**WARNER ANGLE HALLAM**
 **JACKSON & FORMANEK PLC**
2555 East Camelback Rd., Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
E-mail:   sportney@warnerangle.com
          pfoster@warnerangle.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eastern Industries, LLC, a New York limited liability company,<br><br>                                  Plaintiff,<br>          v.<br><br>EarthCo Enterprises, LLC, an Arizona limited liability company; Thomas Vella and Jane Doe Vella, husband and wife, Wesley Zlotoff and Jane Doe Zlotoff, husband and wife; Dominic Riccobono and Jane Doe Riccobano, husband and wife, and Jack Thomas Riccobono and Jane Roe Riccobono, husband and wife, Scott Williams and Jane Doe Williams, husband and wife,<br><br>                                  Defendants. | Case No. 2:23-cv-00109<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING CLAIMS** |

Pursuant to Fed. R. Civ. P. 56 and LRCiv 56.1, Defendants hereby submit their Motion for Summary Judgment on All Remaining Claims. Summary judgment is appropriate because: (A) Plaintiff has no recoverable damages for any of its remaining claims; (B) the alleged fraudulent statements, even if true, are not actionable; (C) there is no evidence of a breach of fiduciary duty; (D) there is no evidence of a breach of contract;

(E) there is no evidence of a breach of good faith and fair dealing; and (F) the fraudulent transfer and aiding and abetting claims cannot stand alone without the underlying claims. This Motion is supported by the following Memorandum of Points and Authorities and the Separate Statement of Facts ("**SOF**") filed concurrently herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    PROECEDURAL HISTORY

This lawsuit began nearly four years ago, in late 2022, when individuals associated with Plaintiff filed a complaint *pro se* in the U.S. District Court for the Southern District of New York. On January 10, 2023, Chief United States District Judge Laura Swain entered a transfer order, transferring the case to the U.S. District Court for the District of Arizona on the grounds that venue was proper in Arizona, not New York.

On September 12, 2023, Plaintiff filed a Second Amended Complaint (Doc 43). On October 16, 2023, Defendants filed a Motion to Dismiss Count 6 – Fraud and Count 9 – Constructive Fraud (Doc 44). On June 4, 2024, the Court granted Defendants' Motion to Dismiss, finding that both claims were barred by the Economic Loss Rule. The court reasoned that "Plaintiff seeks restitution for lack of performance under, and payments related to, the [Joint Venture] Agreement. This is a question of contract, not of tort." (Doc 60.)

Following Defendants' successful Motion to Dismiss, Plaintiff's remaining claims are: (1) Breach of Contract; (2) Breach of Good Faith and Fair Dealing; (3) Breach of Fiduciary Duty; (4) Fraud in the Inducement; (5) Fraudulent Transfer; and (6) Aiding and Abetting.

## II.    RELEVANT FACTS

On November 10, 2019, Plaintiff Eastern Industries, LLC ("**Plaintiff**" or "**Eastern**") and Defendant EarthCo Enterprises, LLC ("**EarthCo**") entered into a contract entitled "Joint Venture Agreement." [SOF ¶ 1]. Paragraph 2 of the Joint Venture Agreement provides that the Joint Venture between Plaintiff and Defendant EarthCo "shall

be formed for the purpose of producing value added CBD Products for distribution through national and international sales channels."[1] [*See* Second Amended Complaint, Exhibit A (Doc 43-1), at ¶ 2.] The Joint Venture Agreement attached to Plaintiff's Second Amended Complaint as "Exhibit A" (Doc 43-1) is a genuine copy of the document. [SOF ¶ 2]. Plaintiff had a lawyer review the Joint Venture Agreement before it was signed. [SOF ¶ 3].

Plaintiff was formed in 2019 to cultivate hemp. [SOF ¶ 7]. Plaintiff had never farmed hemp and sold it to <u>anyone</u> prior to its relationship with Defendant EarthCo in 2019. [SOF ¶ 8]. Prior to signing the Joint Venture Agreement, Plaintiff analyzed the risk of doing business in the hemp industry. [SOF ¶ 9]. Plaintiff admits that both parties to the Joint Venture Agreement had risk. [SOF ¶ 10].

Paragraph 3 of the Joint Venture Agreement provides that Defendant EarthCo shall contribute to the Joint Venture according to the following terms:

i. [Defendant EarthCo] shall use its patented technology and other resources to produce sellable CBD Products from the industrial hemp provided by [Plaintiff Eastern]. EE shall be solely responsible, financially and alike, to provide all manufacturing and distribution resources, including but not limited to processing, packaging, marketing and fulfillment of finished goods.

ii. [Defendant EarthCo] shall use its marketing resources to the fullest extent to sell Products in a timely manner.

iii. [Defendant EarthCo] shall be responsible for storing all inventory of Products produced from the Joint Venture.

iv. [Defendant EarthCo] shall provide financial accounting for all Products held as inventory and sold through the Joint Venture. Such financial

---

[1] Plaintiff delivered hemp to Defendant EarthCo. In turn, EarthCo processed the hemp into a powder marketed under the name "Hemp113." Revenues generated from the sale of any Hemp113 powder <u>made with Plaintiff's hemp</u> were to be split 50% to Defendant EarthCo and 50% to Plaintiff.

Warner Angle Hallam Jackson & Formanek PLC

Warner Angle Hallam Jackson & Formanek PLC

accounting shall be based on GAAP standards. Financial reporting shall be provided from [Defendant EarthCo] to [Plaintiff Eastern] on a quarterly basis unless otherwise agreed upon in writing by the Parties.

v.      [Defendant EarthCo] shall provide [Plaintiff Eastern], upon 48 hours notice, access to the processing facility to inspect and view the product inventory made from the industrial hemp provided by [Plaintiff Eastern].

[*See* Second Amended Complaint, Exhibit A (Doc 43-1), at ¶ 3.b.]

Paragraph 5 of the Joint Venture Agreement provides that distribution of sales revenues generated from the Joint Venture shall be based on the following terms: (i) [Defendant EarthCo] and [Plaintiff Eastern] shall share in the revenues generated from the sales of Products from the Joint Venture at a rate of 50% to [Defendant EarthCo] and 50% to [Plaintiff Eastern]. The 50% of revenues distributed to the Parties will be calculated as gross revenues from sales minus sales commissions paid to distributors and or sales agents; and (ii) [Defendant EarthCo] shall distribute to [Plaintiff Eastern] sales revenues within 5 business days after receiving funds. Distribution shall be done via electronic means or by any other means as agreed upon in writing by the Parties. [*See* Second Amended Complaint, Exhibit A (Doc 43-1), at ¶ 5.]

Importantly, Plaintiff had already planted and grown its 2019 hemp crop before being introduced to Defendant EarthCo. [SOF ¶ 11]. When asked repeatedly during deposition, Plaintiff's representative could not provide any details about other opportunities to sell the 2019 crop instead of entering into the Joint Venture Agreement. [SOF ¶ 12].

Plaintiff claims that it decided to sign the Joint Venture Agreement because Defendant EarthCo promised that it had a proprietary Hemp113 product that was in demand that could be sold internationally through a group called Taiyo, that EarthCo was doing business with prior, and they were going to distribute the hemp. [SOF ¶ 4]. Plaintiff claims that before it signed the Joint Venture Agreement, Tom Vella from Defendant

EarthCo represented that Hemp113 was going to be distributed through national and international channels. [SOF ¶ 5]. Plaintiff claims that it signed the Joint Venture Agreement because Defendant EarthCo's representative, Tom Vella, told Plaintiff about (i) his intent to distribute this product in national and international channels; (ii) his intent to sell the product in Circle K stores; (iii) a proprietary process for processing the hemp. [SOF ¶ 6],

### III.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the non-movant to establish the existence of material factual issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### IV.    ARGUMENT

#### A.    Plaintiff has no recoverable damages for any of its remaining claims.

Plaintiff's remaining tort and contract claims all require proof of consequent and proximate injury. Despite its burden of demonstrating consequent and proximate injury, Plaintiff asserts only two measures of damages: (1) $400,633.12 in costs incurred growing

Warner Angle Hallam Jackson & Formanek PLC

Warner Angle Hallam Jackson & Formanek PLC

the hemp and transporting it to Arizona; and (2) "expectancy" damages of 50% of the revenue for sale of all the hemp products from between $1,500 and $2,500 per kilogram. [SOF ¶ 13]. Under the circumstances of this case, neither measure of damage is recoverable.

Here, the damages Plaintiff seeks are purely for lost profits. Plaintiff seeks its "expectancy" under the Joint Venture Agreement, which is simply another way of saying all the revenue Plaintiff would have received had the Joint Venture Agreement been a smashing success. Despite having no history or track record of selling hemp, Plaintiff seeks damages equal to what Plaintiff would have received had every single kilogram of Hemp113 powder successfully sold at the price levels the parties hoped for at the time they signed the Joint Venture Agreement. [*See* Second Amended Complaint, Exhibit A (Doc 43-1), at ¶ 4.] This damage figure is nothing more than pie in the sky conjecture and speculation.

Plaintiff has no track record of making profits from selling hemp. Indeed, Plaintiff has no track record of making profits from selling anything. Plaintiff was formed in 2019, the same year the Joint Venture Agreement was signed. [SOF ¶¶ 1, 7, 8]. Plaintiff had never farmed hemp and sold it to anyone prior to the start of its relationship with Defendant EarthCo in 2019. [SOF ¶ 8]. The hemp industry is highly risky. Indeed, prior to signing the Joint Venture Agreement, Plaintiff analyzed the risk of doing business in the hemp industry. [SOF ¶ 9]. Plaintiff admits that both parties to the Joint Venture Agreement had risk. [SOF ¶ 10]. Despite acknowledging this risk, Plaintiff asks for lost profit damages as if they were somehow guaranteed. They were not. This case could not go to a jury based on the lost profits damage theory advanced by Plaintiff. Even if it did, no reasonable juror could award lost profits damages to Plaintiff under the circumstances of this case. *See* RAJI (Civil) CI 19 (7th ed.) (the amount of lost profits cannot be based on conjecture or speculation.); *See also Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 186,

680 P.2d 1235, 1247 (Ct. App. 1984) (conjecture and speculation evidence was insufficient to prove that claimant would have succeeded in a highly risky industry.)

Similarly, Plaintiff misses the mark with its claim for $400,633.12 in costs incurred growing the hemp and transporting it to Arizona. Importantly, Plaintiff had already planted and grown its 2019 hemp crop before being introduced to Defendant EarthCo. [SOF ¶ 11]. Plaintiff admits that the approximately $400,000 in costs it incurred growing the hemp were expenses it was going to incur no matter what, whether it made money or lost money on the Joint Venture Agreement. [SOF ¶ 14]. Plaintiff admits that a lot of the approximately $400,000 in costs it incurred growing the hemp were expenses it incurred before it was even introduced to Defendant EarthCo. [SOF ¶ 15]. The Arizona Pattern Jury Instructions are clear: "In determining whether and to what extent plaintiff proved lost profits, you must subtract the costs and expenses plaintiff would have incurred from the gross revenue plaintiff would have received if the contract had not been breached." RAJI (Civil) CI 19 (7th ed.) Here, the approximately $400,000 in grow costs/expenses could never be recovered by Plaintiff.

To the extent Plaintiff claims it could have sold its hemp to someone else had it not signed the Joint Venture Agreement, then such damages claim would also fail for lack of disclosure. Plaintiff has never offered a damages calculation about the amount of money Plaintiff could have generated had it sold the 2019 crop instead of entering into the Joint Venture Agreement. [SOF ¶¶ 13, 17]. When asked repeatedly during deposition, Plaintiff's representative could not provide any details about other opportunities to sell the 2019 crop instead of contributing it to the Joint Venture Agreement. [SOF ¶ 12]. Likewise, Plaintiff has never offered evidence demonstrating that specific revenue opportunities under the Joint Venture Agreement were lost because of any act or omission by Defendant EarthCo. [SOF ¶¶ 19, 21, 22]. Plaintiff has never disclosed an expert opinion on any damage theory. [SOF ¶ 16]. Without evidence of actual consequent and proximate injury, none of

Plaintiff's claims can survive summary judgment. Summary judgment is appropriate for this reason alone.

### B.      The alleged fraudulent statements are not actionable.

It is well known that "actionable fraud cannot be predicated on unfulfilled promises, expressions of intention or statements concerning future events, unless such were made with the present intent not to perform." *Hall v. Romero*, 141 Ariz. 120, 123, 685 P.2d 757, 760 (Ct. App. 1984). Here, Plaintiff testified about the alleged false promises that Defendants made prior to the execution of the Joint Venture Agreement. Plaintiff claims that it decided to sign the Joint Venture Agreement because Defendant EarthCo promised that it had a proprietary Hemp113 product that was in demand that could be sold internationally through a group called Taiyo, that EarthCo was doing business with prior, and they were going to distribute the hemp. [SOF ¶ 4]. Plaintiff claims that before it signed the Joint Venture Agreement, Defendant EarthCo's representative, Tom Vella, represented that Hemp113 was going to be distributed through national and international channels. [SOF ¶ 5]. Plaintiff claims that it signed the Joint Venture Agreement because Defendant EarthCo's representative, Tom Vella, told Plaintiff about (i) his intent to distribute this product in national and international channels; (ii) his intent to sell the product in Circle K stores; (iii) a proprietary process for processing the hemp. [SOF ¶ 6].

For purposes of summary judgment, let us assume Plaintiff can prove – with clear and convincing evidence – that these promises were made.  Even so, they are still only promises, expressions of intention, or statements concerning future events. In this way, they are not actionable. *See Hall*, at 123, 685 P.2d at 760. Indeed, the circumstances of the Joint Venture Agreement are also fatal to Plaintiff's fraud claim. By entering into the Joint Venture Agreement, Defendants were obligating themselves to be "solely responsible, financially and alike, to provide all manufacturing and distribution resources, including but not limited to processing, packaging, marketing and fulfillment of finished goods." [*See* Second Amended Complaint, Exhibit A (Doc 43-1), at ¶ 3.b.]

Warner Angle Hallam Jackson & Formanek PLC

Defendants believed and intended that the business would succeed. [SOF ¶ 24]. They poured their own money into it. [SOF ¶ 25]. There is no evidence that Defendants had knowledge of the falsity of these alleged statements. This is not the typical fraud case where a seller of goods dupes an unwitting buyer into handing over a pile of cash. Here, if Defendants "defrauded" Plaintiff into signing the Joint Venture Agreement and handing over Plaintiff's hemp crop, then Defendants' only "gain" was the opportunity to lose more time and money processing the hemp into Hemp113, storing it, and trying to sell it.

In this way, even if Plaintiff could overcome the lack of damages issue (they cannot), summary judgment on the Fraud in the Inducement claim would still be required because the alleged fraudulent statements are not actionable.

### C.    There is no evidence of a breach of fiduciary duty.

The thrust of Plaintiff's breach of fiduciary duty claim is that Defendant EarthCo "breached its fiduciary duty of loyalty by competing with the partnership in the conduct of the partnership business by buying 30,000 kilograms of another farmer's hemp and prioritizing the sale of this hemp." [*See* Second Amended Complaint (Doc 43) at ¶ 89.] This claim is subject to summary judgment because, as stated above, Plaintiff has no recoverable damages. But it is also subject to summary judgment because the Joint Venture Agreement explicitly allows both parties to conduct business with others. Paragraph 6 of the Joint Venture Agreement provides that "[n]either Party shall be obligated to offer any business opportunities or to conduct business exclusively with the other Party by virtue of this Agreement." [*See* Second Amended Complaint, Exhibit A (Doc 43-1), at ¶ 6.]. Moreover, Plaintiff admits that it knew that Defendant EarthCo was sourcing hemp from another farmer besides Plaintiff. [SOF ¶ 18].

### D.    There is no evidence of a breach of contract.

To prevail on its breach of contract claim, Plaintiff must prove that Defendant EarthCo breached the Joint Venture Agreement, and that the breach resulted in damage to Plaintiff. *See* RAJI (Civil) CI 2 (7th ed.). This case has been pending for nearly four years.

During this time, Plaintiff has produced no evidence to meet its burden of proof on its breach of contract claim. Indeed, Plaintiff admits that it does not know what Defendant EarthCo did within their sales channels and client negotiations after Defendant EarthCo took possession of Plaintiff's hemp. [SOF ¶ 19]. Plaintiff admits it has no evidence of any instance when Defendant EarthCo refused to provide Plaintiff access to the processing facility to inspect and view product inventory. [SOF ¶ 20]. Plaintiff has produced no evidence demonstrating that Defendant EarthCo failed to use its marketing resources to the fullest extent to sell Hemp113 in a timely manner. [SOF ¶ 21]. Plaintiff has produced no evidence demonstrating that Defendant EarthCo sold or could have sold Hemp113 made from Plaintiff's hemp. [SOF ¶ 22]. Summary judgment on the breach of contract claim is appropriate because there is simply no evidence that Defendant EarthCo breached the Joint Venture Agreement in any way, let alone in a way that resulted in recoverable damages to Plaintiff.

**E.      There is no evidence of a breach of good faith and fair dealing.**

Summary judgment on this claim is appropriate for all the reasons applicable to the other breach of contract claim.

**F.      The fraudulent transfer and aiding and abetting claims are subject to disposition on summary judgment because they cannot stand alone without the underlying claims.**

The fraudulent transfer claim cannot proceed on its own. Likewise, the aiding and abetting claim cannot proceed since the underlying tort claims are subject to summary judgment for the reasons stated herein.

**V.      CONCLUSION**

Sadly, sometimes businesses fail. Here, despite no track record of selling hemp, Plaintiff signed the Joint Venture Agreement hoping to cash in. Defendant EarthCo also hoped to cash in. Unfortunately, that did not happen. As Plaintiff acknowledges, both sides to the Joint Venture Agreement had risk. In this case, unfortunately, the risk was realized

Warner Angle Hallam Jackson & Formanek PLC

when the business failed. But that does not mean liability exists. This half-baked lawsuit has now been pending for almost four years. In that time, Plaintiff has utterly failed to produce the evidence required to meet its burden of proof. Enough is enough. Summary judgment should be entered in favor of Defendants on all remaining claims.

DATED this 31st day of March, 2026.

**WARNER ANGLE HALLAM**
**JACKSON & FORMANEK PLC**

By _/s/ Peter J. Foster_

Sandra E. Portney
Peter J. Foster
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
_Attorneys for Defendants_

Warner Angle Hallam Jackson & Formanek PLC

**Warner Angle Hallam Jackson & Formanek PLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, and that on said date a copy was delivered electronically via the CM/ECF filing system to:

Robert T. Mills
rmills@millsandwoods.com
Sean A. Woods
swoods@millsandwoods.com
Mills + Woods Law, PLLC
docket@millsandwoods.com
5055 N 12th St., Ste. 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

*/s/ C. Toledo*