Sandra E. Portney, State Bar No. 018881
Peter J. Foster, State Bar No. 026242
**WARNER ANGLE HALLAM**
 **JACKSON & FORMANEK PLC**
2555 East Camelback Rd., Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
E-mail:  sportney@warnerangle.com
          pfoster@warnerangle.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eastern Industries, LLC, a New York limited liability company,<br><br>                         Plaintiff,<br><br>    v.<br><br>EarthCo Enterprises, LLC, an Arizona limited liability company; Thomas Vella and Jane Doe Vella, husband and wife, Wesley Zlotoff and Jane Doe Zlotoff, husband and wife; Dominic Riccobono and Jane Doe Riccobano, husband and wife, and Jack Thomas Riccobono and Jane Roe Riccobono, husband and wife, Scott Williams and Jane Doe Williams, husband and wife,<br><br>                         Defendants. | Case No. 2:23-cv-00109<br><br>**SEPARATE STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING CLAIMS** |

Pursuant to Fed. R. Civ. P. 56 and LRCiv 56.1, Defendants hereby submit their Separate Statement of Facts in Support of their Motion for Summary Judgment on All Remaining Claims.

/ / /

/ / /

**STATEMENT OF FACTS**

1. On November 10, 2019, Plaintiff Eastern Industries, LLC ("**Plaintiff**" or "**Eastern**") and Defendant EarthCo Enterprises, LLC ("**EarthCo**") entered into a contract entitled "Joint Venture Agreement." [*See* Second Amended Complaint (Doc 43) at ¶ 28; *see also* First Amended Answer to Second Amended Complaint (Doc 68) at ¶ 28].

2. The Joint Venture Agreement attached to Plaintiff Eastern's Second Amended Complaint as "Exhibit A" (Doc 43-1) is a genuine copy of the document. [*See* Second Amended Complaint (Doc 43) at ¶ 28; *see also* First Amended Answer to Second Amended Complaint (Doc 68) at ¶ 28; *see also* Declaration of Wesley Zlotoff at ¶ 2, attached hereto as *Exhibit 1.*].

3. Plaintiff had a lawyer review the Joint Venture Agreement before it was signed. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 49:20-24 ("Q. Did you have a lawyer help you out with reviewing this document before it was signed? A. Yes, we did. Q. Was that Joshua Bauchner? A. Yes, it was.")].

4. During Plaintiff's 30(b)(6) deposition, Plaintiff's representative testified that Plaintiff decided to sign the Joint Venture Agreement because EarthCo promised that it had a proprietary Hemp113 product that was in demand that could be sold internationally through a group called Taiyo, that EarthCo was doing business with prior, and they're going to distribute the hemp. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 51:4-13 ("Q. What specific representations were made by EarthCo to Eastern prior to the signing of this joint venture agreement on November 12th, 2019? A. So the reason why we decided to sign the joint venture agreement because the promises that were made were that they had that proprietary Hemp113 product that was in demand that could be sold internationally through a group called Taiyo, that EarthCo was doing business with prior, and they're going to distribute the hemp.")].

5. During Plaintiff's 30(b)(6) deposition, Plaintiff's representative testified that prior to Plaintiff signing the Joint Venture Agreement, Tom Vella from EarthCo

Warner Angle Hallam Jackson & Formanek PLC

represented that Hemp113 was going to be distributed through national and international channels. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 55:18-23 ("Q. Okay. And just to be clear, the representations that Tom Vella made to you prior to signing this joint venture agreement were that this product was going to be distributed through national and international channels, right? A. Yes.")].

6.      During Plaintiff's 30(b)(6) deposition, Plaintiff's representative testified that Plaintiff signed the Joint Venture Agreement because EarthCo's representative, Tom Vella, told Plaintiff Eastern about (i) his intent to distribute this product in national and international channels; (ii) his intent to sell the product in Circle K stores; (iii) a proprietary process for processing the hemp. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 56:13-19 ("Q. So it was he told you about his intent to distribute this product in national and international channels; he told you about his intent to sell the product in Circle K stores; and he told you about a proprietary process for processing the hemp? A. Yes, that was the reason why we signed the agreement.")].

7.      Eastern was formed in 2019 to cultivate hemp. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 14:9-13 ("Q. When was Eastern Industries LLC formed? A. 2019, I believe. Q. What was the business purpose of Eastern Industries at the time it was formed? A. The business purpose was to cultivate hemp.")].

8.      Plaintiff had never farmed and cultivated hemp and sold it to anyone prior to its relationship with EarthCo in 2019. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 22:21-24 ("Q. Had you ever farmed and cultivated hemp and sold it to anyone else before your relationship with EarthCo? A. No.")].

9.      Prior to signing the Joint Venture Agreement, Plaintiff had analyzed the risk of doing business in the hemp industry. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 38:3-7 ("Q. Prior to signing the joint venture agreement, did Eastern Industries analyze the risk of doing business in the hemp industry? A. Sure. Every business is risky. Everything's at risk when they go in a business.")].

Warner Angle Hallam Jackson & Formanek PLC

10. Plaintiff admits that both parties to the Joint Venture Agreement had risk. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 176:25-177:2 ("Q. Both parties to this joint venture agreement had risk. Do you agree with me? A. Yes.")].

11. Plaintiff had already planted and grown its 2019 hemp crop before being introduced to EarthCo. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 43:9-12 ("Q. So Eastern Industries had already planted and grown its 2019 hemp crop before it ever was introduced to EarthCo? A. Correct.")].

12. When asked repeatedly during deposition, Plaintiff's representative could not provide any specific details about other opportunities to sell the 2019 crop instead of contributing it to the Joint Venture Agreement. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 47:13-17 ("Q. Did you have other business partners lined up at the time that you put the hemp crop in the ground in 2019? A. We were in talks with people, but we had nothing in stone. We were just waiting to see what our options were."); *Id.* at 48:8-17 (Q. Do you have -- do you remember any names of any other options that you had at the time that the -- A. There were just some companies that produce isolate, just individuals and phone conversations. Nothing in contract or no big company names or anything. But there was options on the table. Q. Do you remember any names? A. It's a long time ago. No. Q. That's a "no"? A. Correct. ].

13. Plaintiff asserts only two measures of damages: (1) $400,633.12 in costs incurred growing the hemp and transporting it to Arizona; and (2) "expectancy" damages of 50% of the revenue for sale of all the hemp products from between $1,500 and $2,500 per kilogram. [*See* Plaintiff's Second Supplemental Disclosure Statement at page 9, lines 1 - 9, attached hereto as *Exhibit 3*.]

14. Plaintiff admits that the approximately $400,000 in costs it incurred growing the hemp were expenses that it was going to incur no matter what, whether Plaintiff made money or lost money on the Joint Venture Agreement. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 72:20-73:1 ("Q. Okay. These were expenses that

Eastern Industries was going to incur no matter what, correct? A. Yes. Q. These expenses were going to be incurred by Eastern whether Eastern made money or lost money on the joint venture, right? A. Correct.")].

15.    Plaintiff admits that a lot of the approximately $400,000 in costs it incurred growing the hemp were expenses it incurred before it was even introduced to EarthCo. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as _Exhibit 2_ at 73:2-5 ("Q. A lot of these expenses were incurred, it looks like, before Eastern Industries ever even knew about EarthCo or was introduced to EarthCo, correct? A. Correct.")].

16.    Plaintiff never disclosed an expert opinion on any damage theory. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as _Exhibit 2_ at 13:23-25 ("Q. And has Eastern Industries retained an expert witness to give damages in this case? A. Not at this time.")].

17.    Plaintiff has never offered a damage calculation about the amount of money Plaintiff could have generated had it sold the 2019 crop instead of entering into the Joint Venture Agreement. [Declaration of Wesley Zlotoff at ¶ 3, attached hereto as _Exhibit 1_].

18.    Plaintiff knew that EarthCo was sourcing hemp from another farmer besides Plaintiff. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as _Exhibit 2_ at 128:15-19 ("Q. And you knew that EarthCo was sourcing hemp from other farmers? A. One other farmer I knew of in 2019. Q. Was that the farmer in Oregon? A. Yes.")].

19.    Plaintiff admits that it does not know what EarthCo did within their sales channels and client negotiations after EarthCo took possession of Plaintiff's hemp. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as _Exhibit 2_ at 161:20-24 ("Q. Okay. And then they were obligated -- EarthCo was obligated to go and try to sell it to end users, correct? A. They took our product, and then whatever they did with it with their proprietary process after and sales channels, I don't know what happened.") _Id._ at 161:20-24 ("Q. Do you know, as you sit here today, whether there were sales of Hemp113 for clients that you brought to the table and, if so, how much, what price? Do you know any

Warner Angle Hallam Jackson & Formanek PLC

of the terms? A. I don't know any of the terms or any of the negotiations that EarthCo did with any of the clients. I don't know. I don't know.")].

20.     Plaintiff has no evidence of any instance when EarthCo refused to provide Plaintiff access to the processing facility to inspect and view product inventory. [Plaintiff's 30(b)(6) deposition transcript, attached hereto as *Exhibit 2* at 23:10-24:1 ("Q. Was there ever a time that Eastern Industries asked to personally access the processing facility to inspect and view the product and was told that, no, that cannot happen? A. I don't know. ... I have never been in that facility. I only saw it through the FaceTime. And there certainly could have been a time when we were fighting with them, where they said no. But, like, I don't really -- I can't be sure about that. Q. Okay. After the FaceTime call, was there ever a follow-up that was sent that put EarthCo on notice that you were unsatisfied with the inspection that had been conducted via FaceTime? A. There was never a letter sent that would be on file.")].

21.     Plaintiff has produced no evidence demonstrating that EarthCo failed to use its marketing resources to the fullest extent to sell Products in a timely manner. [Declaration of Wesley Zlotoff at ¶ 4, attached hereto as *Exhibit 1*].

22.     Plaintiff has produced no evidence demonstrating that EarthCo sold or could have sold Hemp113 made from Plaintiff's hemp. [Declaration of Wesley Zlotoff at ¶ 5, attached hereto as *Exhibit 1*].

23.     Despite its best efforts, EarthCo never sold any Hemp113 made from Plaintiff's hemp. [Declaration of Wesley Zlotoff at ¶ 6, attached hereto as *Exhibit 1*].

24.     Defendants believed and intended that the business would succeed. [Declaration of Wesley Zlotoff at ¶ 7, attached hereto as *Exhibit 1*].

25.     Defendants poured their own money into it. [Declaration of Wesley Zlotoff at ¶ 8, attached hereto as *Exhibit 1*].

Warner Angle Hallam Jackson & Formanek PLC

Warner Angle Hallam Jackson & Formanek PLC

26.    The relatively small amount of Hemp113 that EarthCo was able to sell was produced with hemp that EarthCo obtained from sources other than Plaintiff. [Declaration of Wesley Zlotoff at ¶ 9, attached hereto as *Exhibit 1*].

27.    EarthCo was empathic about Plaintiff's financial situation and tried to help by: (1) sending a $10,000 advance; and (2) offering an Addendum to the Joint Venture Agreement as a workaround option. [Declaration of Wesley Zlotoff at ¶ 10, attached hereto as *Exhibit 1*; *See also* Addendum to the Joint Venture Agreement, attached hereto as *Exhibit 4*].

28.    Plaintiff accepted the $10,000 advance. [Declaration of Wesley Zlotoff at ¶ 11, attached hereto as *Exhibit 1*].

29.    Plaintiff rejected and refused to sign the Addendum to the Joint Venture Agreement, even though it did not oblige Plaintiff to do anything further. [Declaration of Wesley Zlotoff at ¶ 12, attached hereto as *Exhibit 1*].

DATED this 31st day of March, 2026.

**WARNER ANGLE HALLAM
JACKSON & FORMANEK PLC**

By  */s/ Peter J. Foster*
Sandra E. Portney
Peter J. Foster
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
*Attorneys for Defendants*

Warner Angle Hallam Jackson & Formanek PLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, and that on said date a copy was delivered electronically via the CM/ECF filing system to:

Robert T. Mills
rmills@millsandwoods.com
Sean A. Woods
swoods@millsandwoods.com
Mills + Woods Law, PLLC
docket@millsandwoods.com
5055 N 12th St., Ste. 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

/s/ C. Toledo