**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eastern Industries, LLC, | No. CV-23-00109-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas Vella, et al., | |
| Defendants. | |

The Court now considers Defendants' Motion for Summary Judgment (Doc. 118). The Court **denies** the Motion for the following reasons.

## I.    INTRODUCTION

This case arises out of a November 2019 joint venture agreement (the "Agreement") between Plaintiff Eastern Industries, LLC ("Eastern") and Defendant EarthCo Enterprises, LLC ("EarthCo"). (Doc. 119 at 2 ¶ 1; Doc. 138 at 2 ¶ 1.)  The Court begins with Eastern's Second Amended Complaint ("SAC") (Doc. 43).

Eastern cultivates, harvests, and sells industrial hemp.  (Doc. 43 at 3–4 ¶ 21.) Eastern dialogued with EarthCo which represented that it "had a patented, proprietary process of processing the hemp" and that it "had an agreement with a distributor, Taiyo, who could provide nationwide distribution of . . . hemp products, and that Plaintiff would receive payment by January 2020." (*Id.* at 4 ¶¶ 23–24.)  The pair thus entered into the Agreement, the purpose of which was to produce and sell "value added CBD Products for distribution through national and international sales channels" "at a price between $1,500

and $2,500 per kilo." (*Id.* ¶ 29.)

Pursuant to the Agreement, Eastern produced and shipped industrial hemp that met a variety of quality standards. (*Id.* at 4–5 ¶ 30.) EarthCo received and processed the hemp—creating a product called "Hemp113."[1] (*Id.* at 5 ¶¶ 32, 34, 36.) However, Eastern avers that EarthCo breached the Agreement for a variety of reasons. (*Id.* at 6.)

Eastern contends that EarthCo: "did not use its resources to sell Products in a timely manner"; "did not provide quarterly financial accounting based on GAAP"; "did not market and advertise the Products"; "misrepresented its experience as a manufacturer and seller"; and "[m]ost important, EarthCo did not share revenue." (*Id.* ¶¶ 39–44.) Eastern avers that the only payment it received was a $10,000 advance." (*Id.* at 7 ¶ 45.) Additionally, "[d]espite Defendants' representations to Plaintiff, EarthCo did not have a signed agreement with Taiyo to distribute the hemp product." (*Id.* at 8 ¶ 53.)

Eastern contends that it spent approximately $400,000 in costs in complying with its obligations under the Agreement. (*Id.* at 10 ¶ 72.) Eastern also contends that it "had an expectancy interest of nearly three million dollars in its share of the revenues from sale of the product, had Defendants not breached the agreement." (*Id.* ¶ 73.) Eastern thus brings the claims of breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, fraud in the inducement, fraudulent transfer, and aiding and abetting.[2] (*Id.* at 11–17.)

## II.    LEGAL STANDARD

Summary judgment is appropriate in circumstances where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of a case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes are genuine when the evidence could allow a reasonable jury to find in favor of the nonmoving party. *Id.* "A party asserting that a fact cannot be or is genuinely

---

[1] EarthCo also created Hemp113 with hemp from other hemp sources. (Doc. 138 at 12 ¶ 36.)

[2] The Court previously dismissed Eastern's fraud and constructive fraud claims. (Doc. 60.)

disputed must support the assertion by . . . citing to particular parts of materials in the record" or by showing "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Additionally, the Court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in the nonmovant's favor. *Anderson*, 477 U.S. at 255. Additionally, the Court does not make credibility determinations or weigh the evidence. *Id.* The determination of whether a given factual dispute requires submission to a jury is guided by the substantive evidentiary standards that apply to the case. *Id.*

The burden initially falls on the movant to demonstrate the basis for a motion for summary judgment and "identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. If this initial burden is not met, the nonmovant does not need to produce anything even if they would have the ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). However, if the initial burden is met by the movant, then the nonmovant has the burden to establish that there is a genuine issue of material fact. *Id.* at 1103. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Zenith Radio Corp.*, 475 U.S. at 586. Bare assertions alone do not create a material issue of fact, and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

**III.    DISCUSSION**

Defendants raise a number of arguments in its Motion. The Court addresses each in turn.

**A. Damages**

Defendants first argues that Eastern "has no recoverable damages for any of its remaining claims." (Doc. 118 at 5.) Defendants argue that Eastern asserts two measures of damages: "(1) "$400,633.12 in costs incurred growing the hemp and transporting it to Arizona; and (2) 'expectancy' damages of 50% of the revenue for sale of all the hemp products from between $1,500 and $2,500 per kilogram." (*Id.*) The Court notes that Defendants, in many cases, solely contest the *amount* of damages claimed by Eastern. However, "[t]he calculation of damages is not ordinarily amenable to resolution at the summary judgment stage." *United States v. Honeywell Int'l, Inc.*, 542 F. Supp. 2d 1188, 1201 (E.D. Cal. 2008).

### 1. *Lost Profits*

The Court begins with the expectation damages. "In a breach-of-contract action, damages must be proven with 'reasonable certainty.'" *Kelly v. Kino Springs Golf, L.L.C.*, No. 2 CA-CV 2012-0072, 2013 WL 2456362, at *4 (Ariz. Ct. App. June 4, 2013) (quoting *Gilmore v. Cohen*, 386 P.2d 81, 82 (Ariz. 1963)). "To receive an award for lost future profits, a party must establish both the fact of damages and the amount thereof." *Id.* "Once the fact of damages has been proven, the amount of the damages may be shown with proof of a lesser degree of certainty than is required to establish the fact of damage." *Short v. Riley*, 724 P.2d 1252, 1254 (Ariz. Ct. App. 1986).

However, "[i]n breach of contract cases in which lost profits are claimed as damages the issue becomes more complicated." *Felder v. Physiotherapy Assocs.*, 158 P.3d 877, 887 (App.2007). "[T]he line between the fact of damage and the amount of damage may be blurred when lost profits are at issue." *Id.* Arizona courts thus first "focus on whether a plaintiff has presented sufficient proof of the *fact* of lost profits." *Id.* (emphasis in original). "Once the fact of lost profits is established in a breach of contract action, [Arizona] courts have not been as strict about the amount." *Id.* Nonetheless, claimants must still establish the amount of loss profits to a reasonable certainty. *See id.* "The evidence required will depend on the individual circumstances of each case and, although absolute certainty is not

required, the jury must be guided by some rational standard." *Id.* at 885 (citation modified).

Defendants contend that "[d]espite having no history or track record of selling hemp, Plaintiff seeks damages equal to what Plaintiff would have received had every single kilogram of Hemp113 powder successfully sold at the price levels the parties hoped for at the time they signed the Joint Venture Agreement." (*Id.* at 6 (emphasis in original).) Accordingly, "[t]his damage figure is nothing more than pie in the sky conjecture and speculation." (*Id.*) Defendants go on to note that Eastern was formed in 2019 and had "no track record of making profits." (*Id.*) Defendants note that "[t]he hemp industry is highly risky" and that any estimate of lost profits would be impermissibly speculative. (*Id.*)

In response, Eastern contends that it has provided enough evidence to support its claim for lost profits. (Doc. 137 at 8.) Eastern argues that "EarthCo had real customers buying real Hemp113 powder at documented prices ($1,125–$2,500/kg)." (*Id.*) Eastern notes that "EarthCo received an actual Taiyo Purchase Order generating $84,375 of revenue." (*Id.*) Eastern also points to other instances of EarthCo selling Hemp113 made with non-Eastern hemp. (Doc. 128 at 12 ¶ 36.)

This evidence, viewed in the light most favorable to Eastern, is sufficient to create a triable issue as to lost profits. The Court recognizes that the cited evidence is unlikely to establish the full amount of claimed lost profits. However, "Plaintiff does not need to establish the amount of those damages before trial." *Berkadia Real Est. Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2024 WL 4125533, at *17 (D. Ariz. June 27, 2024). The cited evidence demonstrates that Eastern had the ability to sell Hemp113 and thus ostensibly had the ability to sell Hemp113 made with Eastern's hemp. Accordingly, the Court will not grant summary judgment as to Eastern's claim to lost profits.

### 2. *Reliance Damages*

The Court next addresses Defendants' contention that "Plaintiff misses the mark with its claim for $400,633.12 in costs incurred growing the hemp and transporting it to Arizona." (Doc. 118 at 4.) The Court only agrees in part. To start, transportation costs would clearly be recoverable as they would be incurred in reliance on the Agreement. *See*

*Renner v. Kehl*, 722 P.2d 262, 265 n.2 (Ariz. 1986). Indeed, Defendants do not offer any explanation as to why transportation costs would not be recoverable. However, the Court recognizes that the costs incurred in growing the hemp would likely not be recoverable. Defendants point out—and Eastern does not dispute—that Eastern grew its hemp crop before being introduced to EarthCo and thus would have incurred that cost regardless of the Agreement. (Doc. 118 at 7.) Eastern does not offer any explanation as to how its grow costs would be incurred in reliance on the Agreement. Accordingly, while Eastern may not recover its claimed $400,000, there is an open factual question as to the amount of reliance damages Eastern incurred. The Court will not determine the amount of recoverable reliance damages at this juncture. *Carson v. Nat'l Bank of Commerce Trust and Sav.*, 356 F.Supp. 811, 812 (D. Neb.1974), *aff'd*, 501 F.2d 1082 (8th Cir. 1974) ("Summary judgment is a poor instrument for determining recoverable damages.").

> 3. *Undisclosed Damages*

Defendants also argue that Eastern is precluded from seeking a number of claimed damages based on Eastern's lack of disclosure. (Doc. 118 at 7.) "Rule 26(a)(1)(A)(iii) requires parties to make initial disclosures, including their computation of damages." *Alaska Stock, LLC v. Pearson Educ., Inc.*, 975 F. Supp. 2d 1027, 1044 (D. Alaska 2013). "Rule 37(c)(1) provides that if a party fails to provide disclosures under Rule 26(a), 'the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Id.* (alteration in original) (quoting Fed. R. Civ. P. 37(c)(1)).

In its Motion, Defendants argue that Eastern failed to make such disclosures regarding its claim that it "could have sold its hemp to someone else had it not signed the Joint Venture Agreement." (Doc. 118 at 7.) Defendants note that Eastern "has never offered a damages calculation about the amount of money [it] could have generated had it sold the 2019 crop instead of entering into the Joint Venture Agreement." (*Id.*) Eastern fails to address this point in its Response. Additionally, Defendants argue that Eastern failed to make Rule 26 disclosures regarding a variety of damages Eastern listed in its

Response.  (Doc. 137 at 9.)

The Court will not resolve this issue at this juncture given the lack of discrete briefing on this point.  Additionally, even if Eastern failed to abide by Rule 26, this would not be a basis upon which to grant summary judgment under these circumstances.  This is an issue better resolved under a motion in limine.  However, the Court notes that Defendants are correct in that Eastern is not entitled to rely on computations of damages that were not properly disclosed.

**B.  Fraudulent Statements**

Defendants next challenge Eastern's fraud claims.  (Doc. 118 at 8.)  Defendants note that "Plaintiff claims that it decided to sign the Joint Venture Agreement because Defendant EarthCo promised that it had a proprietary Hemp113 product that was in demand that could be sold internationally through a group called Taiyo, that EarthCo was doing business with prior, and they were going to distribute the hemp." (*Id.*)  Additionally, Defendants note that "Plaintiff claims that before it signed the Joint Venture Agreement, Defendant EarthCo's representative, Tom Vella, represented that Hemp113 was going to be distributed through national and international channels." (*Id.*)  Defendants contend that these statements are not actionable because "they are . . . only promises, expressions of intention, or statements concerning future events. In this way, they are not actionable." (*Id.*)

Defendants are correct as a general matter that "[t]he general and majority rule is that in order for a representation to constitute the basis for actionable fraud, it must relate to a present or pre-existing fact, and cannot be predicated on unfulfilled promises or statements as to future events." *Denbo v. Badger*, 503 P.2d 384, 386 (Ariz. Ct. App. 1972).  However, Defendants ignore "[a] well established exception to the above general rule relates to promises made without a present intention to perform." *Id.*  "The gist of fraud in these instances is the false representation of an existing intention to perform where such intent is in fact nonexistent." *Id.*  Eastern raised this point in its Response but Defendants did not address it in its Reply.

Defendants also ignore that Eastern's fraud claims are also predicated on a number of present-fact statements. For example, the SAC avers that Defendants mispresented that it "was experienced in hemp manufacturing and distributing" and that it had multiple distributors including Taiyo. (Doc. 43 at 13 ¶¶ 95, 98.) Eastern contends these statements are false. (*Id.* at 14 ¶ 99.) Eastern raised this point in its Response and Defendants did not address it in its Reply.

The Court acknowledges that Defendants argue there is no actionable fraud because: it "believed and intended that the business would succeed"; "[t]hey poured their own money into it"; and "[t]here is no evidence that Defendants had knowledge of the falsity of these alleged statements." (Doc. 118 at 9.) Summary judgment is not appropriate on these bases. At best, Defendants highlight a factual dispute that is better resolved at trial. Accordingly, the Court finds—due largely to the scant briefing on this matter—that summary judgment is not appropriate on Eastern's fraud claims.

### C. Breach of Fiduciary Duty

Defendants next argues that Eastern's breach of fiduciary duty claim must be dismissed. "In an action asserting a claim for breach of fiduciary duty, like all tort actions, a plaintiff must allege and prove the existence of a duty owed, a breach of that duty, and damages causally related to such breach." *Kiani v. Automatic Data Processing Inc.*, No. CV-23-00508-TUC-BGM, 2024 WL 3275119, at *2 (D. Ariz. July 2, 2024). Defendants do not disagree that it owed fiduciary duties to Eastern.

"In Arizona, the fiduciary duties owed by partners to each other and to their partnership are governed by statute."[3] *Five Points Hotel P'ship v. Pacioni*, No. 2 CA-CV 2008-0052, 2008 WL 4444742, at *2 (Ariz. Ct. App. Oct. 2, 2008). Under A.R.S. § 29-1003(B)(3), a partnership agreement cannot "[e]liminate the duty of loyalty under . . . except that the partnership agreement may identify types or categories of activities that do not violate the duty of loyalty."

Defendants' argument is one paragraph. Defendants contend that "[t]he thrust of

---

[3] Defendants do not dispute and the Court agrees with Eastern's characterization of their relationship as a partnership.

Plaintiff's breach of fiduciary duty claim is that Defendant EarthCo breached its fiduciary duty of loyalty by competing with the partnership in the conduct of the partnership business by buying 30,000 kilograms of another farmer's hemp and prioritizing the sale of this hemp." (Doc. 118 at 9 (citation modified).)  Defendants contend that this claim is "subject to summary judgment because the Joint Venture Agreement explicitly allows both parties to conduct business with others.  Paragraph 6 of the Joint Venture Agreement provides that '[n]either Party shall be obligated to offer any business opportunities or to conduct business exclusively with the other Party by virtue of this Agreement.'" (*Id.* (alteration in original) (quoting Doc. 43-1 at 4.))

In response, Eastern contends that Paragraph 6 does not "end[] the inquiry" because Plaintiff only "knew about ONE other farmer" but did not know that EarthCo had other joint venture agreements.  (Doc. 137 at 12.)  Eastern goes on to argue that Paragraph 6 "permits non-exclusivity" but that it "does not authorize undisclosed competing partnerships, mid-stream substitution of inventory at sub-floor prices, or diversion of customers Plaintiff had brought to the venture . . . to other partnerships from which Plaintiff received nothing." (*Id.*)

The Court agrees with Defendant in part.  Eastern concedes that Paragraph 6 "permits non-exclusivity" but contends that Paragraph 6 does not allow for certain "undisclosed competing partnerships." (*Id.*)  Read plainly, Paragraph 6 does make this delineation between disclosed and undisclosed competition.  Accordingly, Defendants are seemingly correct in asserting that EarthCo was permitted to buy hemp from other farmers.  However, the Court cannot say as a matter of law that Paragraph 6 gives EarthCo license to compete with the joint venture in any conceivable manner.  Indeed, under Arizona law, a partnership agreement cannot entirely eliminate the duty of loyalty but instead may only "identify types or categories of activities that do not violate the duty of loyalty." § 291003(B)(3).  Eastern raises factual questions regarding EarthCo's dealings with other farmers that implicate the duty of loyalty.

Additionally, summary judgment is not appropriate because Defendants only

addressed one of the allegations giving rise to the breach of fiduciary duty claim. The SAC also alleges that Defendants breached its fiduciary duties because it: "fail[ed] to hold the property, profit or benefit derived by EarthCo from the use of partnership property, including the appropriation of a partnership opportunity"; "engag[ed] in intentional misconduct designed to mislead and defraud its partner"; and "fail[ed] to discharge their duties to the partnership consistent with the obligation of good faith and fair dealing." (Doc. 43 at 13 ¶¶ 90–93.) Defendants do not address these allegations. The Court finds that these allegations are not so facially deficient that Court is situated to grant summary judgment as to these allegations without any discrete briefing. Accordingly, summary judgment is not appropriate on the breach of fiduciary duty claim.

### D. Breach of Contract

Defendants contend that Eastern fails to state a breach of contract claim. "Under Arizona law, a claim for breach of contract has three elements: (1) a contract exists between the plaintiff and the defendant; (2) the defendant breached the contract; and (3) the breach resulted in damage to the plaintiff." *Nerdig v. Elec. Ins. Co.*, No. CV-17-01859-PHX-GMS, 2018 WL 4184926, at *3 (D. Ariz. Aug. 31, 2018). Defendants do not dispute the first element here.

> Defendants argue that Plaintiff fails to prove breach because:
> Plaintiff admits that it does not know what Defendant EarthCo did within their sales channels and client negotiations after Defendant EarthCo took possession of Plaintiff's hemp. [SOF ¶ 19]. Plaintiff admits it has no evidence of any instance when Defendant EarthCo refused to provide Plaintiff access to the processing facility to inspect and view product inventory. [SOF ¶ 20]. Plaintiff has produced no evidence demonstrating that Defendant EarthCo failed to use its marketing resources to the fullest extent to sell Hemp113 in a timely manner. [SOF ¶ 21]. Plaintiff has produced no evidence demonstrating that Defendant EarthCo sold or could have sold Hemp113 made from Plaintiff's hemp. [SOF ¶ 22].

(Doc. 118 at 10.) Defendants make no further argument on this point.

The Court finds that summary judgment is not appropriate even accepting as true some of the foregoing points. The crux of the breach of contract claim is whether EarthCo could have sold Hemp113 made with Eastern's hemp. As noted, it is seemingly undisputed

that EarthCo sold Hemp113 made with non-Eastern hemp. (Doc. 133 at 8; Doc. 138 at 11–12 ¶¶ 35–36.) There is no argument that Hemp113 could not be made with Eastern's hemp. Construing these facts in Eastern's favor, a finder of fact could conclude that EarthCo could have sold Hemp113 made with Eastern's hemp.

There are also factual disputes regarding many of Defendants' arguments. For example, Eastern presents evidence corroborating its claim that EarthCo did not market its hemp products. The Agreement provides that "[EarthCo] shall use its marketing resources to the fullest extent to sell products in a timely manner." (Doc. 43-1 at 3.) Eastern has points to declaratory evidence that Eastern repeatedly requested "marketing materials and promotional collateral" but never received those materials. (Doc. 138 at 18 ¶ 64; Doc. 138-4 at 3 ¶¶ 6–8.) Moreover, Defendants do not address many of the allegations giving rise to the breach of contract claim. For example, Defendants do not address Eastern's assertion that EarthCo failed "to provide GAAP-quarterly accounting" in accordance with the Agreement. (Doc 137 at 10.) Defendants also do not address Eastern's contention that EarthCo misrepresented that it had a patented, proprietary process of processing hemp. (Doc. 137 at 5; Doc. 42 at 4.) Accordingly, summary judgment is not appropriate on this claim.

### E.  Remaining Claims

Defendants do not substantively address Eastern's remaining claims. Regarding the breach of good faith and fair dealing claim, Defendants contend that "[s]ummary judgment on this claim is appropriate for all the reasons applicable to the other breach of contract claim." (Doc. 118 at 10.) Defendants contend that the fraudulent transfer and aiding and abetting claims cannot stand on their own. (*Id.*) Summary judgment is not appropriate on these claims because the breach of contract claims and other underlying claims remain.

…

…

…

…

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED denying** Defendants' Motion for Summary Judgment (Doc. 118).

Dated this 29th day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge